The Ohio Bureau of Employment Services ("OBES") appeals the Washington County Court of Common Pleas' judgment reversing OBES's decision to charge certain unemployment benefits to the Magnetic Specialty, Inc. ("MSI") account. OBES asserts that the common pleas court erred by reversing a decision of the OBES which was not unreasonable, unlawful, or against the manifest weight of the evidence. We disagree, because we find that the OBES decision to charge unemployment benefits to MSI's account in this case was unlawful in that it failed to apply R.C.4141.43(E)(2). Accordingly, we affirm the judgment of the common pleas court.
 I.
The relevant facts in this case are not in dispute. Steven R. Life, a resident of West Virginia, was employed by MSI at its Marietta, Ohio, manufacturing plant. As a result of a labor dispute, Life and his fellow United Steelworkers of America members initiated a strike. Using non-union and temporary employees, MSI maintained normal production levels. Life began working for Benson Truck Bodies in West Virginia. Benson later released Life, and Life filed a combined claim for unemployment benefits based upon his employment base periods with Benson and with MSI.
The parties agree that West Virginia law provides that an individual may receive benefits if his unemployment is a result of a labor dispute that did not cause a stoppage in work. The Ohio Revised Code, in contrast, provides that an individual can not receive benefits if his unemployment is due to a labor dispute other than a lock out. R.C. 4141.29(D)(1)(a). At MSI, the labor dispute which resulted in Life's unemployment did not cause a stoppage in work. Therefore, the West Virginia Department of Employment Programs ("WVDEP") allowed Life's claim for benefits, using both his Ohio and his West Virginia wages. However, if Life had filed his claim in Ohio, OBES would not have allowed his claim for benefits, because the labor dispute at MSI was not a lock out.
After approving Life's combined wage claim, the WVDEP successfully sought reimbursement from OBES for the proportion of benefits attributable to Life's Ohio employment at MSI. OBES, in turn, charged MSI's account. MSI filed a request for reconsideration, asserting that the charges for Life's benefits should be charged to the OBES "mutualized account," an account maintained by OBES and comprised of contributions from all employers. The administrator of OBES, after reviewing MSI's arguments, affirmed its initial determination assessing Life's benefit charges to MSI's account.
MSI appealed to the OBES Review Commission. After a hearing, the Review Commission determined that the benefits were properly charged to MSI's account. The Review Commission reasoned that the benefits could not be charged to the mutualized account because R.C. 4141.29(H) does not provide for mutualization where the unemployment resulted from a labor dispute. The Review Commission denied MSI's application to institute a further appeal.
Finally, MSI appealed the OBES decision in the Washington County Court of Common Pleas. The court determined that the OBES decision was unlawful, unreasonable and arbitrary, in part because R.C. 4141.43(E)(2) provides for mutualization when another state seeks reimbursement for benefits not chargeable to individual employers under Ohio law. Therefore, the court ordered OBES to mutualize the charges assessed against MSI with regard to Life's benefits. OBES filed a timely appeal with this court, asserting the following single assignment of error:
 THE LOWER COURT COMMITTED REVERSIBLE ERROR WHEN IT REVERSED THE REVIEW COMMISSION DECISION THAT POTENTIAL BENEFIT CHARGES WERE PROPERLY CHARGED TO MAGNETIC SPECIALTY'S ACCOUNT AND NOT TO THE MUTUALIZED ACCOUNT WHERE THAT DECISION WAS NOT UNLAWFUL, UNREASONABLE, OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II.
This appeal is governed by R.C. 4141.28(O)(1) which states, in pertinent part, that:
 Any interested party * * * may appeal from the decision of the board to the court of common pleas * * *. If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision.
R.C. 4141.28(O)(1) "does not create distinctions between the scope of review of common pleas court and appellate courts."Tzangas, Plakas Mannos v. Admr., Ohio Bur. of Emp. Svcs.
(1995), 73 Ohio St.3d 694, 696-697; Lucas Cty. Auditor v.Admr., Ohio Bur. of Emp. Svcs. (1997), 122 Ohio App.3d 237,244. Thus, the same standard of review applies at each appellate level. Tzangas at 696-697. Accordingly, in any appeal stemming from an OBES decision, OBES retains its role as the fact finder. Lucas Cty. Auditor at 244. As the reviewing court, we "may reverse the [OBES] board's determination only if it is unlawful, unreasonable, or against the manifest weight of the evidence." Id., citing Tzangas at 697; Irvine v. Unemp. Comp.Bd. of Rev. (1985), 19 Ohio St.3d 15.
OBES contends that the trial court exceeded its authority by overruling a decision which was not unlawful, unreasonable, or against the manifest weight of the evidence. MSI contends that the OBES decision was both unlawful and unreasonable, and therefore urges us to affirm the judgment of the trial court.
 A.
OBES first contends that the common pleas court committed reversible error by failing to apply R.C. 4141.29(H) in its review of the OBES decision. R.C. 4141.29(H) provides that, under certain enumerated conditions, an employer who employed a claimant during his base period may charge the claimant's benefits to a mutualized account, rather than to the employer's own account. A labor dispute such as the one at MSI is not among the enumerated conditions.
We find that the common pleas court did consider R.C.4141.29(H), but concluded that R.C. 4141.29(H) does not prevent mutualization in the instant case. While R.C. 4141.29(H) lists situations wherein charges may be mutualized, the statute in no way indicates that the list is exhaustive. Thus, while R.C.4141.29(H) does not allow for mutualization where a claimant's separation results from a labor dispute, it likewise does not prohibit mutualization in such a situation.
Moreover, even if we interpreted R.C. 4141.29(H) to prohibit mutualization in some instances, it certainly does not prohibit mutualization in the present situation. R.C. 4141.29(H) couches its directives regarding mutualization exclusively in reference to situations arising under R.C. 4141.29(D)(2). The situation present in this case, the denial of benefits in a labor dispute other than a lock out, arose under R.C. 4141.29(D)(1). Therefore, the common pleas court did not err by failing to conclude that R.C. 4141.29(H) prohibits mutualization of the MSI charges.
 B.
OBES next asserts that the common pleas court misinterpreted R.C. 4141.43(E)(2) in determining that the charges against MSI should be mutualized. R.C. 4141.43(E)(2) deals with the mutualization in the context of combined wage claims between two states. Pursuant to R.C. 4141.43(E)(2), the administrator of OBES may enter into agreements with employment agencies of other states whereby the OBES will reimburse the other state's agency with a reasonable portion of benefits, paid under the law of the other state, as the administrator determines is reasonable and fair. R.C. 4141.43(E)(2) further provides that:
 [N]o reimbursement so payable shall be charged against any employer's account * * * if the employer's account, under the same or similar circumstances, with respect to benefits charged under the provisions of this chapter, other than this section, would not be charged or, if the claimant at the time the claimant files the combined wage claim cannot establish benefit rights under this chapter. * * *
Thus, R.C. 4141.43(E)(2) states that the employer's account can not be charged in two situations: (1) when a claim filed under similar circumstances, but subject to Ohio law, would not give rise to charges against the employer's account; and (2) when the claimant, under Ohio law, cannot establish benefit rights.
The relevant circumstances surrounding the claim in this case are not in dispute. Life, a resident of West Virginia, was employed by MSI at its Marietta, Ohio manufacturing plant. Life voluntarily left MSI due to a labor dispute, but MSI maintained normal production levels by using non-union employees. Life obtained employment at Benson in West Virginia, but Benson later released Life. Life filed a combined claim for unemployment benefits based upon his employment base periods with Benson and with MSI.
West Virginia law provides that an individual may receive benefits if his unemployment is a result of a labor dispute that did not cause a stoppage in work. At MSI, the labor dispute which resulted in Life's unemployment did not cause a stoppage in work; MSI enlisted enough employees to maintain normal production levels. Therefore, the WVDEP allowed Life's claim for benefits, using both his Ohio and his West Virginia wages.
Ohio law provides that an individual can not receive benefits if his unemployment is due to a labor dispute other than a lock out. R.C. 4141.29(D)(1)(a). At MSI, the labor dispute which resulted in Life's unemployment was not a lock out. Therefore, if Life had filed his claim in Ohio, OBES would not have allowed his claim for benefits.
We find that the circumstances in this case fall squarely within the first situation described in R.C. 4141.43(E)(2). West Virginia granted Life unemployment benefits in an instance where, under the same circumstances, Ohio law would not grant Life unemployment benefits. See R.C. 4141.29(D)(1)(a). Thus, Life's claim, subject to Ohio law, would not give rise to charges against the MSI's account. When a claim, under the same or similar circumstances, with respect to benefits charged under the provisions of Title 41 of the Ohio Revised Code, would not cause an employer's account to be charged, OBES can not lawfully charge that employer's account in order to reimburse another state's agency for benefits paid. Life's claim, under Ohio law, would not cause MSI's account to be charged. Therefore, OBES's reimbursement to the WVDEP can not lawfully be charged to MSI's account.
OBES directs our attention to the second situation described in R.C. 4141.43(E)(2), under which OBES is prohibited from charging an employer's account to reimburse another state's agency if the claimant can not establish benefit rights in Ohio. OBES contends that the common pleas court's analysis was flawed because the court did not properly distinguish between "benefit rights" and the "right to benefits" with respect to the second situation. We find, however, that we need not address OBES's arguments with regard to the second situation, as we have already determined that OBES is prohibited from charging MSI under the first situation.
 IV.
OBES charged MSI's account in order to reimburse the WVDEP for benefits paid to Life, even though MSI's account would not have been charged if Life had filed for benefits in Ohio. Because R.C. 4141.43(E)(2) prohibits charging the employer's account for reimbursement in such instances, the OBES decision charging MSI's account is unlawful. The common pleas court did not err by reversing an unlawful OBES decision.
Accordingly, we affirm the judgment of the common pleas court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
For the Court
 BY: ___________________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.